THOMAS, Judge,
concurring specially.
I concur in the main opinion; however, I further note that, even if the Websters were correct that the alleged statements made during the auction could not have established express warranties, La Trace’s allegation that one of the Websters assured him after the auction that the lamps were “the real thing” is sufficient to support a claim that an express warranty was created. Although the alleged statement that the lamps were “the real thing” occurred after the sale, such a statement could have constituted a modification of the contract between La Trace and the Websters that would have added an express warranty that the lamps were indeed “the real thing.” Section 7-2-209(1), Ala. Code 1975, a part of Alabama’s version of the Uniform Commercial Code (“the UCC”) provides that “[a]n agreement modifying a contract within this article needs no consideration to be binding.” A portion of the Official Comment to § 7-2-313 provides guidance on this point:
“The precise time when words of description or affirmation are made or samples are shown is not material. The sole question is whether the language or samples or models are fairly to be regarded as part of the contract. If language is used after the closing of the deal (as when the buyer when taking delivery asks and receives an additional assurance), the warranty becomes a modification, and need not be supported by consideration if it is otherwise reasonable and in order (Section 7-2-209).”
(Emphasis added.)
In deciding whether to buy the lamps, La Trace could not have relied on any statements made after the sale; therefore, such statements lend no support for his fraudulent-misrepresentation claim. However, pursuant to the interpretation of §§ 7-2-209 and 7-2-313 found in the above-quoted Official Comment, I conclude that La Trace’s allegation that one of the Websters assured him after the auction that the lamps were the “real thing” provides additional support for his breach-of-warranty and breach-of-contract claims. Unlike the reliance element necessary to a common-law fraud claim, ‘“the determining factor in [a UCC case] is not reliance by the purchaser on the seller’s warranty, but whether it is part of the “basis of the bargain.” ’ ” Massey-Ferguson, Inc. v. Laird, 432 So.2d 1259, 1261 (Ala.1983) *1222 (quoting Winston Indus., Inc. v. Stuyvesant Ins. Co., 55 Ala.App. 525, 530, 317 So.2d 493, 497 (1975)).